1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DOUGLAS ALLEN GREER,                 )   Case No. CV 08-6585-PA (RNB)
                                     )
                    Petitioner,      )
                                     )   ORDER TO SHOW CAUSE
          vs.                        )
                                     )
J. HARTLEY, Warden-                  )
Superintendent,                      )
                                     )
                    Respondent.      )
_____)

        On October 7, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a
Person in State Custody ("Pet.") herein.[1]  The Petition purports to be directed to a
2005 conviction sustained by petitioner in Los Angeles County Superior Court.  (See
Pet. at ¶¶ 1-2).  Petitioner purports to be raising five grounds for relief.  (See id. at ¶
7).

        Based on its review of the Petition (including the attached documents) and the
unpublished California Court of Appeal decision on direct appeal, as well as
information derived from the California Appellate Courts website, it appears to the

_____

        [1]     The signature date on the Petition, and thus the earliest date on which
petitioner could have turned it over to the prison authorities for mailing for purposes
of the prison mailbox rule, is September 8, 2008.

1

Court (a) that the Petition is time barred, and (b) that all the claims alleged in the Petition are unexhausted.  Accordingly, on or before **November 18, 2008**, petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness[2] and even if the Petition is not time barred, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[3]

### **The time bar issue**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[4]  28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[2]      The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]      Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

[4]      Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

2

judgment of a State court.  The limitation period shall run from the latest of--

> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, according to the Petition (see Pet. at ¶ 4.c) and the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on May 10, 2006.  Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was August 8, 2006, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B).  Although it appears from copies of grievances attached to the Petition that petitioner may have experienced some delay in getting a copy of his trust account statement and in getting

3

copies of his legal papers made, those delays occurred in 2008 and do not evidence that petitioner was being impeded from filing his federal petition by unconstitutional state action. Nor does it appear that petitioner has a basis for contending that any of his non-sentencing error claims (i.e., Grounds one through four of the Petition) is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Moreover, while petitioner's sentencing error claim purports to be based on the Supreme Court's 2007 decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), petitioner is unable to make the requisite showing under 28 U.S.C. § 2244(d)(1)(C) that this claim is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In Cunningham, the Supreme Court was merely applying the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as subsequently applied in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to California's determinate sentencing law. See Cunningham, 127 S. Ct. at 864-71; see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) (holding that Cunningham did not announce a new rule of constitutional law since "Apprendi, Blakely, and Booker made 'courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants."). The Ninth Circuit already has held that Blakely does not apply retroactively to a conviction that was final before that decision was announced. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). Finally, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins

4

1   to run when a prisoner "knows (or through diligence could discover) the important
2   facts, not when the prisoner recognizes their legal significance").

3       Thus, unless a basis for tolling the statute existed, petitioner's last day to file
4   his federal habeas petition was August 8, 2007. See Patterson v. Stewart, 251 F.3d
5   1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

6       28 U.S.C. § 2244(d)(2) provides:

7   "The time during which a properly filed application for State post-
8   conviction or other collateral review with respect to the pertinent
9   judgment or claim is pending shall not be counted toward any period of
10  limitation under this subsection."

11

12      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
13  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
14  California's post-conviction procedures.  The Ninth Circuit held that "the statute of
15  limitations is tolled from the time the first state habeas petition is filed until the
16  California Supreme Court rejects the petitioner's final collateral challenge." See id.
17  at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
18  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
19  application for collateral review remains "pending" during the intervals between the
20  time a lower state court denies the application and the time the petitioner files a further
21  petition in a higher state court).  However, the statute of limitations is not tolled
22  during the interval between the date on which the judgment of conviction became final
23  and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

24      Here, petitioner has identified only one collateral challenge in the Petition-- the
25  Los Angeles Superior Court habeas petition that petitioner maintains he filed on
26  August 5, 2008. (See Pet. at ¶ 6.a).  Petitioner is not entitled to any statutory tolling
27  for that one state collateral challenge, since it was not filed until after petitioner's
28  federal filing deadline of August 8, 2007 already had lapsed. See, e.g., Ferguson v.

5

1  Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the
2  reinitiation of the limitations period that has ended before the state petition was filed,"
3  even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez
4  v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-
5  99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

6        In Beeler, 128 F.3d at 1287-89, the Ninth Circuit further held that the timely
7  filing of a habeas petition was not jurisdictional, but rather was subject to equitable
8  tolling.  If petitioner intends to rely on the equitable tolling doctrine, he will need to
9  include with his response to this Order to Show Cause a declaration under penalty of
10  perjury stating facts showing (1) that he has been pursuing his rights diligently, and
11  (2) that some "extraordinary circumstances" beyond petitioner's control stood in his
12  way and/or made it impossible for him to file the Petition on time.  See Pace v.
13  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
14  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880
15  (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

16

17                           **The exhaustion issue**

18        Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner
19  has exhausted the remedies available in the courts of the State.[5]  Exhaustion requires
20  that the prisoner's contentions be fairly presented to the state courts and be disposed
21  of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24
22  (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228

23

24        [5]     The habeas statute now explicitly provides that a habeas petition brought
25  by a person in state custody "shall not be granted unless it appears that-- (A) the
26  applicant has exhausted the remedies available in the courts of the State; or (B)(i)
27  there is an absence of available State corrective process; or (ii) circumstances exist
28  that render such process ineffective to protect the rights of the applicant."  28 U.S.C.
   § 2254(b)(1).

(9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings <u>both</u> the operative facts and the federal legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).

Here, it appears from the copy of his 2008 Superior Court habeas petition attached to the Petition that the five grounds for relief being alleged herein correspond to claims raised by petitioner in that Superior Court habeas petition.  It further appears from the California Court of Appeal unpublished decision on direct appeal that none of the five grounds for relief being alleged herein corresponds to any of the claims raised by petitioner on direct appeal.  <u>See</u> <u>People v. Greer</u>, 2006 WL 171518 (Cal. App. Jan. 25, 2006).  It follows that petitioner could not have presented any of the claims being alleged in the Petition herein in his Petition for Review of the Court of Appeal decision that the California Supreme Court denied on May 10, 2006.  According to the California Appellate Courts website, the Petition for Review is petitioner's only California Supreme Court filing.  It therefore does not appear to the Court that petitioner has exhausted his state remedies with respect to any of the grounds for relief being alleged herein.

Finally, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  The Petition herein does not constitute a "mixed petition" containing both exhausted and unexhausted claims; rather, it constitutes a petition containing solely unexhausted claims.  The Ninth Circuit has held in a post-<u>Rhines</u> decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims.  <u>See</u> <u>Raspberry</u>, 448 F.3d at 1154.

7

1    A petition containing solely unexhausted claims must be dismissed.  See Jimenez, 276

2    F.3d at 481.

3

4    DATED: October 15, 2008

5

6

7                                                    _____

8                                                    ROBERT N. BLOCK
                                                     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             8